*Formatted for Electronic Distribution*                                                                                               *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

**In re:**
    **Larry Carr,**                                                                                          **Chapter 13**
                                                    **Case No. 20-10297**
             **Debtor.**

*Appearances:*

*Alec Slater, Esq*                                                  *Jan M. Sensenich, Esq.*                   **Filed & Entered**
*Burlington, Vermont*                                        *Norwich, Vermont*                              **On Docket**
*For Debtor*                                                         *Chapter 13 Trustee*                            **04/21/2023**

*Brian P. Monaghan, Esq.*
*Burlington, Vermont*
*For Town of Richford*

## MEMORANDUM OF DECISION

        In this contested matter, the Court must determine whether an order terminating the automatic stay issued before the order confirming the Plan provides an exception to the rule that the parties are bound by confirmation. The Debtor asserts that the pre-confirmation termination of the stay did not authorize the Town of Richford's post-confirmation tax sale of the Debtor's property because the Plan provides treatment of the Town of Richford's claim and the Town of Richford did not object to the Plan. Meanwhile, after purporting to take ownership of the Debtor's property at tax sale, the Town of Richford has continued to accept payments under the Plan.

        The Town of Richford asserts that it levied on the Debtor's property, initiating a non-bankruptcy remedy for delinquent real estate taxes, after termination of the automatic stay but prior to confirmation. Because the Debtor received notice and did not challenge the tax sale prior to confirmation, the Town of Richford argues that the termination of the stay transcends confirmation, despite the tax sale occurring after confirmation. The Town of Richford further asserts that the Debtor's delay in bringing this matter before the Court is tantamount to waiver.

For the reasons set forth below, the Court finds that an order terminating the automatic stay prior to confirmation does not provide an exception to the rule that the parties are bound by confirmation. The Court concludes that the Town of Richford's post-confirmation tax sale of the Debtor's property and acceptance of a Collector's Deed violate the confirmation order and that the Debtor must be made whole. The continued acceptance of plan payments estops the Town of Richford from asserting otherwise.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (O), over which the Court has authority to enter a final judgment.

## BACKGROUND

On September 21, 2020, Larry Carr (the "Debtor") filed a voluntary petition for relief under Chapter 13 of Bankruptcy Code (the "Petition Date") (doc. #1). As of the Petition Date, the Debtor owned real property located at 60 Noyes Street in Richford, Vermont (the "Property"). On November 23, 2020, through counsel, the Town of Richford, which was owed past due real estate taxes on the Property, filed a notice of appearance and request for notice. On November 30, 2020, the Town of Richford filed a motion seeking a declaration pursuant to § 362(c), that the stay had lapsed (doc. #31).[1] After considering the arguments of counsel for the Debtor and the Town of Richford, the Court granted the motion, determining the automatic stay had terminated, as to all creditors, by operation of law under § 362(c), and entered an Order memorializing that ruling on January 6, 2021 (doc. # 44).[2]

On June 23, 2021, the Town of Richford executed a Notice of Tax Sale of the Property, noticing a sale for August 19, 2021. It is undisputed that the Debtor received the Notice of Tax Sale.

Thereafter, but prior to the tax sale, the Debtor confirmed his Chapter 13 Plan on July 30, 2021 (doc. #75). The confirmed Plan was subsequently modified by Order of this Court on August

---

[1] Unless otherwise indicated, all statutory references herein are to the United States Bankruptcy Code (the "Code"), currently in force.
[2] The limitation of the automatic stay in bankruptcy had been imposed by operation of law, § 362(c)(3), because the Debtor had a prior Chapter 13 case pending within the year preceding the filing of the current case and that earlier case had been dismissed. For more detail, *see* doc. # 44.

2

30, 2022 (doc. # 91) but the treatment of the Town of Richford's claim was not modified. The confirmed Plan, as modified, will be referred to as the "Plan." The record establishes that the Town of Richford received notice of the Plan, the confirmation hearing on the Plan, the objection deadlines, as well as the motion to modify. The Plan provides treatment of the Town of Richford's claim. The Plan provides payments to cure the Debtor's real estate tax arrearages, plus the judgment rate of interest of 12%, over the life of the Plan (docs. ## 75 and 89). The Town of Richford did not object to the Plan.

As noticed, the Town of Richford conducted a tax sale on August 19, 2021, for the Property and was the sole bidder for $25,663.11. While the Debtor received notice of the tax sale, he was paying his real estate tax arrearages under the Plan and believed the Plan controlled. Despite taking an ownership interest as the high bidder at the tax sale, the Town of Richford acknowledges that it has been receiving payments under the Plan and has retained those payments. The Town of Richford has returned no payments to the Chapter 13 Trustee.

In August 2022, the Debtor applied to the State of Vermont Housing Assistance Program for a grant to pay his delinquent real estate taxes and was approved for $10,000 of grant funds. That approval was subsequently revoked. The Town of Richford contends that the approval was revoked because the Property was not eligible as his primary residence. The Debtor contends that the approval was revoked because of representations made by the Town of Richford to VHAP that the Debtor did not own the Property.[3]

On January 30, 2023, VHAP formally denied the Debtor's grant, subject to a 45-day appeal period. The Debtor did not appeal that determination and on February 15, 2023, the Town Delinquent Tax Collector issued a Collector's Deed to the Town of Richford. That same day, the Town of Richford sent a letter to the Debtor requiring that he vacate the Property by February 20, 2023, including all his possessions.[4] The letter stated that the Town of Richford would change the locks on February 21, 2023 (doc.# 96).

---

[3] The Town of Richford contends that pursuant to 32 V.S.A. § 5260, the Debtor did not redeem the Property by paying the real estate taxes in full within one year of the date of the sale. That period was extended pursuant to Section 21(d)(1) of Act 182, when the Debtor applied for VHAP funds. 2021, N. 181 (adj. Sess.) §21(d)(1). Once notified that a VHAP application is pending, a town may not proceed with a tax sale until the homeowner is deemed ineligible, the application is closed due to inaction by the applicant, or payment is issued to the municipality on a qualifying application.

[4] The letter also provides that the Town of Richford would remove the Debtor's animals, a pig and a dog, and treat them as abandoned under 20 V.S.A. § 3513.

On February 17, 2023, the Debtor filed an emergency motion with the Court to impose the automatic stay, which was ultimately re-filed and noticed on March 3, 2023 after the Town of Richford agreed to a temporary stay until the contested matter could be heard by the Court. The Debtor requests the Court enter an order enjoining the Town of Richford from ejecting the Debtor, voiding the tax sale, and vesting title in the Property in the Debtor. The Town of Richford filed a response in due course. The Town of Richford argues that because the automatic stay terminated in this case because of successive filings, it is permitted to exercise post-petition remedies notwithstanding the fact that the Debtor confirmed the Plan.[5]

The Court held a hearing on March 28, 2023, at which Alec Slater appeared on behalf of the Debtor, Brian Monaghan appeared for the Town of Richford and Jan Sensenich participated in his capacity as Chapter 13 Trustee. Although Debtor's counsel styled the motion as one to "Impose Automatic Stay," at the hearing Debtor's counsel agreed that it could be treated as one to enforce the Confirmation Order.

The Trustee reported that as of the hearing date on March 28, 2023, the Debtor was in arrears on Plan payments. No Notice of Delinquency or Motion to Dismiss has been filed. There is nothing before the Court indicating how far behind the Debtor was in plan payments as of March 28, 2023, or when the Debtor fell behind. It is undisputed that when the Plan payments have been made, the Town of Richford has received and accepted payments under the Plan, and has not returned any funds received to the Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement.

## DISCUSSION

**A. The Provisions of the Plan bind the Town of Richford.**

Section 1327(a) of the Code is unequivocal: "The provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not such creditor has objected to, has accepted, or has rejected the plan." § 1327(a); *Celli v. First National Bank of Northern New York (In re Layo),* 460 F.3d 289, 293 (2d Cir. 2006). "Under § 1327, a confirmation order is *res judicata* as to all issues which were decided, or could have been decided, at the hearing on confirmation." *In re Whelton*, 299 B.R. 306, 314 (Bankr. D. Vt. 2003).

---

[5] The Town of Richford does not address its receipt and retention of payments under the Plan or what impact, if any, those facts have on the issues before the Court.

4

Once a plan is confirmed, the plan binds the debtor and its creditors regardless of whether the stay has been vacated prior to confirmation, so long as the debtor remains current under the plan." *In re Lemma,* 394 B.R. 315, 324 (Bankr. E.D.N.Y. 2008).[6] As the *Lemma* court also notes, most courts post-BAPCPA have held that pre-confirmation termination of the stay by § 362(c)(3) does not divest the debtor of the ability to bind creditors under a confirmed plan. *Id.* at 323–24 (citing *Kurtzahn v. The Sheriff of Benton County, Minn. (In re Kurtzahn),* 342 B.R. 581 (Bankr. D. Minn. 2006); *In re Fleming,* 349 B.R. 444 (Bankr. D.S.C. 2006)); *See also In re Murphy,* 346 B.R. 79, 83 (Bankr. S.D.N.Y. 2006) ("Because confirmation of a chapter 13 plan will 'bind each creditor' it follows that termination of the automatic stay as to all creditors under Section 362(c) does not automatically relieve all creditors, for all purposes, from the binding effect of a subsequently confirmed chapter 13 plan."). Thus, "the creditor must preserve its rights after the stay is vacated by objecting to the plan or by completing the liquidation of the collateral pre-confirmation, or else be bound to accept the treatment afforded under the confirmed plan." *In re Lemma,* 394 B.R. at 324.

One of the primary purposes of a Chapter 13 plan is to conclusively set forth the treatment of claims. See § 1322(a)–(b); *see generally In re Loper*, 222 B.R. 431, 435 (D. Vt. 1998) ("In Chapter 13 [cases], the debtor is allowed to adjust the amount and the timing of the repayment of his/her indebtedness to secured and unsecured creditors in a repayment plan. The repayment plan is subject, however, to confirmation by the Bankruptcy Court."). Section 1322(b)(5) of the Code states that a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending…."

The Debtor's plan did not contain any provisions that are inconsistent with the Code. The Town of Richford claims that because the Debtor was fully aware of the pending tax sale at the time the Court confirmed the Plan, that it was incumbent upon him to object to the ensuing sale. The Town of Richford misapprehends the creditors' role in the confirmation process. The provisions of a confirmed plan bind the debtor and each creditor. §1327(a). The Town of Richford could have protected itself from being bound by the Plan by filing either an objection to the treatment of its claim in the Plan or by filing a timely appeal to the order confirming the Plan. It

---

[6] There is nothing in the record suggesting the Debtor was behind on payments as of the date of the tax sale. No Motion to Dismiss or Motion for Relief from Stay for a post-confirmation default has been filed by any party.

5

did neither.[7] *See In re Sullivan*, 321 B.R. 306, 308 (Bankr. M.D. Fla. 2005) (holding "[i]n the instant case, although [creditor] obtained relief from the automatic stay, it failed to object or appeal from the Confirmation Order. Accordingly, [creditor] is bound by the Confirmation Order.").

The Town of Richford cites to *In re Cline,* 386 B.R. 344, 353 (Bankr. N.D. Ala. 2008) for the proposition that a creditor may rely upon expiration or termination of the automatic stay when exercising its contractual and state court remedies.[8] However, in *Cline,* the Court's order terminated the stay after plan confirmation and not pre-confirmation. *Id.* at 351. *Cline* is decidedly a minority view and is easily distinguishable from the facts before the Court.[9] The *Cline* court ruminates as follows:

> However, if stay relief is not in effect with respect to a particular creditor when a plan is confirmed, but that creditor elects to accept and retain payments tendered under a confirmed plan, then the creditor should be estopped from denying the binding and superceding [sic] effects of confirmation. That is not what happened in the instant case. Ameriquest returned the mortgage payments to the trustee, thus timely demonstrating its belief that the stay was not in effect and that it was not required to accept and retain payments under the plan in substitution of the post-confirmation stay relief granted under the November 30, 2006 Order.

*In re Cline*, 386 B.R. at 354.  The Town of Richford fails to address the issue of receipt and retention of plan payments.

---

[7] While the Town of Richford cites to footnote 11 in *Kurtzahn,* it disregards an important portion:

> In the way it lurched forward, this dispute presents two different cautionary tales, for debtor and creditor alike. A secured creditor that gets entangled in a successor bankruptcy case under Chapter 13, that is subject to § 362(c)(3), and that wishes to realize on security held by a repeatedly-defaulting debtor, is best-put to oppose the debtor both on the motion for extension of the stay and in the confirmation proceedings. A victory under § 362(c)(3)(B) only enables the secured party to commence non-bankruptcy remedies, once the temporary stay of § 362(c)(3)(A) is over. Unless those remedies are very quickly obtained and the collateral almost immediately liquidated, the binding effect of confirmation can nullify any first victory under § 362(c)(3)(B).

*In re Kurtzahn,* 342 B.R. at 586 n. 11.

[8] The Town of Richford provides no statutory authority for its proposition that § 362(c)(3) eviscerates the binding nature of a plan under § 1327.

[9] *See Lucontoni v. United Airlines, Inc.*, 446 F. Supp. 2d 4, 6 (D. Mass. 2006); *In re Simpson*, 240 B.R. 559, 562 (B.A.P. 8th Cir. 1999); *In re Beyha*, 637 B.R. 430, 445 (Bankr. E.D. Pa. 2022); *In re Cottingham*, 618 B.R. 555, 564–65 (Bankr. N.D. Ala. 2020) *In re Rodriguez*, 2015 WL 9697324, at *7 (S.D. Fla. Dec. 9, 2015); *In re Lemma*, 394 B.R. at 323; *In re Moffitt*, 2007 WL 1118287, at *3–4 (Bankr. N.D. Tex. Apr. 12, 2007); *In re Fleming*, 349 B.R. 444 (Bankr. D.S.C. 2006); *In re Murphy*, 346 B.R. at 82–83; *In re Kurtzahn*, 342 B.R. at 581; *In re Sullivan*, 321 B.R. at 308; *Matter of Garrett*, 185 B.R. 620, 623 (Bankr. N.D. Ala. 1995).

In *In re Carlton,* the *Cline* court specifically held that a creditor could not retain payments and ignore the confirmed plan – "as the old English proverb goes, 'You can't have your cake and eat it, too,' or translated into Chapter 13 jargon, "You can't take plan payments and foreclose the mortgage." *In re Carlton*, 2011 WL 3799885 *3 (Bankr. N.D. Ala. 2011).

Because creditors are limited to those rights that they are afforded by the plan, they may not take actions to collect debts that are inconsistent with the method of payment provided for in the plan. Confirmation prohibits actions inconsistent with the plan. Once the plan is confirmed, the only cause for relief that validly may be asserted is the debtor's material failure to comply with the plan. It is undisputed that the Town of Richford had notice of the Plan, the confirmation hearing, and the deadline by which to object. Once stay relief is obtained, a creditor cannot simply ignore further proceedings in the bankruptcy court. Stay relief to pursue non-bankruptcy remedies is not tantamount to a dismissal of the case. There is no textual support for a different interpretation in the Code. The Town of Richford is therefore bound by the terms of the Plan.

**B. The Timing of the Notice of Sale Does not Affect Binding Nature of the Plan.**

The Town of Richford cites to *Kurtzahn* for the proposition that the Debtor abandoned his right to challenge the tax sale based upon the confirmation of the Plan after the Town of Richford had already levied upon the Property. *In re Kurtzahn,* 342 B.R. 581, 586 n.11 (Bankr. D. Minn. 2006). This interpretation is based upon a flawed premise. The Town of Richford claims that once it issued the Notice of Tax Sale after termination of the automatic stay, that it "obtained 'full legal right' to the Property in accordance with Vermont law" (doc. # 100) such that its actions were concluded prior to confirmation of the plan. Vermont law does not support the Town of Richford's position.

The Vermont statutes governing the sale of real estate for delinquent taxes are located at 32 V.S.A. § 5251, *et seq.* Section 5251 specifically states:

> For the purposes of sections 5251-5258 and 5292-5295 of this title:
>   (1) The assessment of a tax shall be defined to mean all acts required by law to be done in respect to such tax by the officials of the town designated by law for that purpose, from the time of the making of a warning for an annual town meeting, up to and including the time that a tax bill is placed in the hands of the town treasurer for collection, in cases where the town votes to collect by its treasurer, or when the town does not so vote, up to and including the time that a tax bill with a warrant annexed thereto for collection has been placed in the hands of the town tax collector for collection.

7

> (2) The collection of a tax shall be defined to mean all acts required by law to be done or permitted by law to be done in respect to such tax, by either the town treasurer or the town tax collector, from the time specified in subdivision (1) of this section as marking the end of the assessment of the tax, *up to and including the last act required or permitted by law to be done by the town tax collector in the enforcement of the collection of the tax.*

32 V.S.A. § 5251(emphasis added). As set forth in the Vermont statutes, the act of issuing a notice of tax sale was not the "last act" required by the tax collector of the Town of Richford. The Town of Richford appears to concede this fact. In its opposition, the Town of Richford states that once the tax sale occurred, the Town of Richford, as purchaser, took an ownership interest in the Property subject only to the Debtor's right of redemption (doc. # 93). Thus, even the tax sale itself did not constitute the last act required by law. As of the date of the tax sale, the Town of Richford did not have a right to take its remedies on default in a non-bankruptcy forum.

### C. The Town of Richford's Actions Violate the Court's Confirmation Order.

The Plan proposes to cure the Debtor's default in the payment of real estate taxes—a provision expressly permitted by §1322(b)(5). Pursuant to § 1327(a), confirmation of the Plan was binding on the Town of Richford, and the remedies permitted under Vermont law that would have otherwise authorized the Town of Richford to conduct a tax sale and for the tax collector to issue a Collector's Deed were usurped by the Plan, which provided for the cure of default. The Town of Richford's continued collection efforts after it received notice of confirmation of the Plan violate the Court's confirmation order which gave efficacy to the Plan. Moreover, the Town of Richford's conduct, accepting and retaining payments under the Plan, estopped it from taking the position that the pre-confirmation termination of the stay allowed it to move forward with the tax sale and conveyance of the Debtor's property.

Section 105(a) gives bankruptcy courts the authority to

> issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]... [and to] sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

§ 105(a); *see MA Salazar v. Incorporated Village of Atlantic Beach*, 499 B.R. 268, 273 (E.D.N.Y. 2013). Thus, this Court has the authority to enforce its order confirming the Plan. In keeping with that authority, the Court contemporaneously issues an Order to Show Cause as to how to effectively void the Collector's Deed and vest title of the Property in the Debtor without any title

8

repercussions in order to render the Debtor whole, and as to whether the Town of Richford should be sanctioned for its violations of the confirmation order.

## **CONCLUSION**

For the reasons articulated above, the Town of Richford is bound by the terms of the Plan. The Town of Richford's post-confirmation tax sale and issuance of a Collector's Deed are inconsistent with the Plan and violate the Confirmation Order. The Town of Richford's continued acceptance of payments under the Plan estop the Town of Richford from asserting otherwise.

This constitutes the Court's findings of fact and conclusions of law.

*/s/ Heather Z Cooper*

April 21, 2023　　　　　　　　　　　　　　　　　　　　Hon. Heather Z. Cooper
Burlington, Vermont　　　　　　　　　　　　　　　　　United States Bankruptcy Judge